IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DION BROWN'EL**                                                                          **PETITIONER**

V.                              NO. 4:24-CV-00114-JM-ERE

**DANIEL BROCK,** *et al.*                                                                 **RESPONDENTS**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this RD. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this RD without independently reviewing the record.

**I.     SUMMARY**

Dion Brown'el,[1] a pretrial detainee in the White County Detention Facility in Searcy, Arkansas, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] For

---

[1] In pending state criminal cases, Petitioner's name is spelled "Brown El," but in this case, he spells his name "Brown'el."

[2] Mr. Brown'el filed his petition on a form for petitions filed under 28 U.S.C. § 2254, but because he challenges his pretrial detention on pending charges, his petition requests relief pursuant to 28 U.S.C. § 2241. See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.1998) ("Pretrial [habeas] petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

reasons that follow, the Court recommends that habeas relief be denied, and the case dismissed without prejudice.[3]

## II. BACKGROUND[4]

The Court takes judicial notice that Mr. Brown'el is currently detained in the White County Detention Center and awaiting trial on criminal charges in *State v. Brown El*, No. 73CR-20-770 (White Cnty. Cir. Ct.) and *State v. Brown El*, 73CR-23-301 (White Cnty. Cir. Ct.) (collectively "the state criminal cases").

In Case No. 73CR-20-770, Mr. Brown'el is charged with being a felon in possession of a firearm, aggravated assault, and theft-by-receiving, all related to a September 21, 2020 incident. In Case No. 73CR-23-301, he is charged with criminal attempt to commit first-degree murder, unlawful discharge of a firearm, being a felon in possession of a firearm, and endangering the welfare of a minor, all related to events that occurred on April 3, 2023, while Mr. Brown'el was released on a $100,000 bond in Case No. 73CR-20-770.

---

[3] District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

[4] The background is taken from the petition and state court records, available at the Arkansas Administrative Office of the Courts Public Court Connect Website, accessible at https://www.arcourts.gov. See *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (Holding that a court "may take judicial notice of judicial opinions and public records.") (citations omitted).

On April 5, 2023, following a hearing in Case No. 73CR-23-301, the trial court entered a written order increasing Mr. Brown'el's bond to $500,000 and stating the reasons for that decision.

On June 1, 2023, the trial court granted defense counsel's motion asking that Mr. Brown'el undergo a mental evaluation to determine his fitness to proceed. On November 1, 2023, the trial court entered a not-fit-to-proceed commitment order that: (1) deemed Mr. Brown'el unfit to stand trial; (2) suspended the proceedings; and (3) committed Mr. Brown'el to the custody of the Director of the Arkansas Department of Human Services ("ADHS") for "detention, care and treatment until restoration of fitness to proceed." The order concludes: "The Defendant requires inpatient treatment at the Arkansas State Hospital ["ASH"] and should be admitted within 30 days of this order."

On January 11, 2024, the trial court entered a show cause order, noting that Mr. Brown'el had not been admitted to the ASH and directing the ADHS Assistant Director to appear on January 30, 2024 and show cause why he should not be held in contempt for failure to comply with the court's order. The state court record does not confirm that the January 30, 2024 hearing took place, but Mr. Brown'el reports that he remains detained at the White County Detention Center because there are currently no beds available at the ASH. *Doc. 1 at 5*.

Mr. Brown'el is represented by a public defender in state court but has filed several *pro se* motions, including a state petition for habeas corpus. The petition, filed on February 7, 2024, asks the trial court to reduce his bail and release him to live with his mother or father until an inpatient bed is available. As of the date of this Recommendation, the trial court has not ruled on Mr. Brown'el's habeas petition.

On February 8, 2024, Mr. Brown'el filed the § 2241 petition now before the Court, asserting four grounds for relief. In ground one, Mr. Brown'el asserts excessive bail, stating that the trial judge has refused to release him on conditions. In ground two, he asserts improper venue, stating that he has filed several lawsuits against White County officials, including judges and prosecutors, and cannot receive a fair trial. In ground three, he asserts ineffective assistance of counsel, faulting his defense attorney for failing to file motions to suppress and conspiring with the prosecutor. In ground four, he asserts prosecutorial misconduct, alleging that the prosecutor assigned to his case is named as a defendant in a civil suit he filed in federal court.

For relief, Mr. Brown'el requests: (1) release on bond with electronic monitoring; (2) a change of venue; (3) a hearing on lack of jurisdiction; (4) dismissal of all charges; and (5) dismissal of all charges in Case No. 73CR-20-770 based on speedy trial violations. *Id. at 13*.

## III. DISCUSSION

Section 2241 extends potential habeas relief to pretrial detainees in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, absent special circumstances and the petitioner's exhaustion of all available state remedies, a federal habeas court cannot interfere with state criminal proceedings before a conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). To fully exhaust state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. See *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). This exhaustion requirement applies to habeas petitions challenging state court convictions as well as *pending* state criminal prosecutions. *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). Here, it is clear from the petition and the state court record that Mr. Brown'el has not exhausted his available state court remedies.

In addition, federal courts generally must abstain from the exercise of § 2241 jurisdiction if, as in this case, the issues raised in a habeas petition may be resolved either by trial on the merits in the state court or by other available state-court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*,

649 F.2d 634, 636 (8th Cir. 1982) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). Mr. Brown'el's allegations fail to plausibly allege any "extraordinary circumstances" that might trigger an exception to the general rule that federal courts should abstain from interfering in state criminal proceedings.

In addition to his enumerated grounds for relief, without providing any details, Mr. Brown'el mentions a "speedy trial violation" in his prayer for relief. An alleged violation of the Sixth Amendment's right to a speedy trial may qualify as an extraordinary circumstance warranting federal habeas review, assuming the petitioner has exhausted his state court remedies and seeks only to enforce his right to a prompt trial. See *Braden*, 410 U.S. at 484. However, the state court record confirms that Mr. Brown'el has made no effort to exhaust available state remedies with respect to a speedy trial claim.[5]

Mr. Brown'el's primary complaint is his pretrial detention. He claims excessive bail and wants the trial court to reduce his bond and release him to his parents until an ASH inpatient bed becomes available. Because he has not exhausted

---

[5] Under Arkansas law, a pretrial detainee may file an original petition for habeas corpus alleging a speedy trial violation in the Arkansas Supreme Court. See *Simpson v. Sheriff of Dallas County*, 333 Ark. 277, 281, 968 S.W.2d 614, 615-16 (1998). And to the extent that Brown'el seeks federal habeas relief based on alleged violations of state law or procedural rules setting time limits for criminal trials, his claims are not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

his available state court remedies,[6] it is premature for him to seek federal habeas relief as to this claim.

## IV. CONCLUSION

Because it plainly appears that Mr. Brown'el is not entitled to federal habeas relief, summary dismissal is warranted.

IT IS THEREFORE RECOMMENDED that Petitioner Dion Brown'el's amended petition pursuant to 28 U.S.C. § 2241 be DENIED, and this case be DISMISSED, without prejudice.

Dated 28 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] If the trial court denies Mr. Brown'el's petition for habeas corpus filed on February 7, 2024, or fails to address the petition within a reasonable time, Mr. Brown'el can seek habeas relief in the Supreme Court of Arkansas. See *Trujillo v. State*, 2016 Ark. 49, 2 (2016) ("The remedy of the writ of certiorari is appropriate to review bail-bond proceedings."); see also *Rook v. Sheriff*, 323 Ark. 443, 914 S.W.2d 316 (1996) (permitting pretrial defendant to file original habeas petition with the Arkansas Supreme Court and directing the trial court to enter findings of fact and the reasons for incarceration pending a mental health evaluation).